JOHN A. CASEY v. NORTHERN PACIFIC RAILWAY
COMPANY.[1]

March 25, 1927.

No. 25,971.

*Directed verdict for defendant sustained.*

    1.  Plaintiff, a railway mail clerk, sued to recover damages resulting from exposure due to a negligent failure to heat his car.  His evidence failed to show the defendant's responsibility for the operation of the train at the time, and hence defendant was entitled to a directed verdict.

[1]Reported in 213 N. W. 57.

**Ownership of stock of operating carrier not test of liability.**

2. The mere fact that defendant owned 70 per cent of the common stock of the corporation which was responsible for such operation does not make it liable for the latter's acts on the theory of agency.

Carriers, 10 C. J. p| 877 n. 19; p. 1067 n. 79.

Action in the district court for Hennepin county. The case was tried before Callaghan, J., and a jury, which returned a verdict in favor of defendant. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*John Casey* and *James J. Magner*, for appellant.

*B. W. Scandrett* and *Frederic D. McCarthy*, for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying his motion for a new trial. He was a railway mail clerk between St. Paul and International Falls. His train was delayed between International Falls and Brainerd by a blizzard, and he claims the defendant negligently exposed him to cold, impairing his health, in not keeping the mail car heated. The answer consisted of a general denial and a plea of contributory negligence.

Plaintiff's uncontroverted evidence is that the defendant operates its train No. 11, which is a through train known as No. 11-33, between St. Paul and Brainerd; that at Brainerd the control of this train passes to the Minnesota & International Railway Company, which operates it to Grand Falls, from where to International Falls it is operated by the Big Fork & International Falls Railroad Company. When defendant's equipment is used north of Brainerd the Minnesota & International Railway Company pays rent for it, and when the latter's equipment is used south of Brainerd the defendant pays rent.

Because plaintiff's proofs failed to show defendant's responsibility for the operation of the train north of Brainerd, defendant was entitled to a directed verdict. This fatal deficiency in plaintiff's case renders it unnecessary for us to consider the other questions presented by the briefs. The trial court submitted the question to the jury, which found for defendant.

The record does show that the defendant owns 70 per cent of the common stock of the Minnesota & International Railway Company, but this situation does not make the defendant responsible for the acts of the other corporation. State v. C. & N. W. Ry. Co. 133 Minn. 413, 158 N. W. 627; Mpls. C. & C. Assn. v. C. M. & St. P. Ry. Co. 134 Minn. 169, 158 N. W. 817. The evidence is not sufficient to make the Minnesota & International Railway Company by means of stock ownership the agent of defendant, as suggested in Specht v. M. P. R. Co. 154 Minn. 314, 191 N. W. 905; State v. G. N. Ry. Co. 160 Minn. 515, 200 N. W. 834; Erickson v. M. & O. Power Co. 134 Minn. 209, 158 N. W. 979.

Affirmed.